McKEE, Chief Judge,
concurring.
Because we must dismiss the writ of certiorari as improvidently granted, the order of the Supreme Court of the Virgin Islands remains in place. See Alvarez v. Smith, - U.S. -, 130 S.Ct. 576, 584, 175 L.Ed.2d 447 (2009) (Stevens, J., con *161 curring in part and dissenting in part). However, as explained, that order, remanding for a new trial on Counts 1 and 2, implicates Ambrose’s important constitutional right under the Double Jeopardy Clause not to again stand trial on charges for which he contends he is entitled to judgments of acquittal. Therefore, in order to avoid a violation of that important right, I strongly suggest that the Supreme Court of the Virgin Islands vacate sua sponte its December 18, 2008 remand order, reopen Ambrose’s appeal and address his arguments that he is entitled to judgments of acquittal on Counts 1 and 2. That is the only way to rescue this appeal from the procedural limbo that could otherwise result as any further proceeding in the trial court to resolve the questions left unanswered by the Supreme. Court would pose a serious conflict with the Double Jeopardy Clause if either of his two unanswered claims is determined to have merit.